IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEILA ROGERS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | 3:04-CV-2403-P |
| v. | § | |
| | § | |
| ARMY/AIR FORCE | § | |
| EXCHANGE SERVICE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, filed March 29, 2005.[1] After considering the parties' arguments, the pleadings, and the applicable law, the Court GRANTS in PART and DENIES in PART Defendant's Motion.

**I.  Factual and Procedural Background**

On November 8, 2004, *pro se* Plaintiff Sheila Rodgers initiated this lawsuit by filing a Complaint against her former employer, the Army and Air Force Exchange Service ("AAFES").[2] Plaintiff generally avers that she was subjected to a hostile work environment at AAFES. (Resp. to Mag. Judge's Quest. of 1/14/05 at 8.) Plaintiff claims that as a result of this hostile work

---

[1] Plaintiff filed a Response on May 6, 2005, and Defendant filed a Reply on May 23, 2005. Plaintiff also filed a Sur-Reply on June 7, 2005. As Defendant does not object to this filing, the Court considers it in determining the Motion.

[2] Plaintiff's Complaint must be evaluated in light of the fact that Plaintiff is a *pro se* litigant and therefore should not be held to the same standards of pleading as an attorney; Plaintiff's pleadings and briefs should be construed liberally. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that allegations in a *pro se* complaint are to be held to a less stringent standard); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing that courts "must construe [a *pro se* plaintiff's] allegations and briefs more permissively"). As such, the Court considers Plaintiff's Responses to the Magistrate Judge's Questionnaires in construing her Complaint.

environment, she suffered from stress and depression to the extent that she required medical attention. (*Id.* at 13.) Plaintiff further claims that she had a telephone hearing with representatives of the Department of Labor and AAFES' insurance company regarding her mental condition. (*Id.*) Plaintiff asserts that although the Department of Labor ordered AAFES to pay her medical compensation for her treatment, AAFES' insurance company denied her claims for compensation. (*Id.*)

Plaintiff also complains about her Pay for Performance ("PFP") Assessment, which was presented to Plaintiff by her supervisor on December 6, 1999. (Resp. to Mag. Judge's Quest. of 12/14/04 at 6, 13.) Plaintiff alleges that the PFP unfairly rated Plaintiff "Not Promotable," and as a result, Plaintiff was subsequently not promoted to twelve positions for which she applied. (Resp. to Mag. Judge's Quest. of 1/14/05 at 3, 8.) The first of these non-promotions occurred on October 19, 1999, and Plaintiff was continually not promoted through April 13, 2000. (Resp. to Mag. Judge's Quest. of 12/14/04 at 6, 15, 17.) Plaintiff initially contacted an Equal Employment Opportunity ("EEO") Counselor regarding her PFP and non-promotions on April 14, 2000. (*Id.* at 15; Def.'s App. at 4-6.) Then on July 19, 2000, she filed a formal EEO Complaint. (Def.'s App. at 12-13.) Plaintiff generally stated in her EEO complaint, "I feel AAFES has violated my opportunities for advancement within the organization, [sic] I also feel management was aware and intentional discrimination [sic]." (*Id.*)  In a section inquiring as to the relief Plaintiff sought, Plaintiff specified that, among other things, she wanted her "non-promotional status removed from file." (*Id.* at 13.)

Plaintiff now makes claims for (1) discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e-16; (2) defamation; and (3) "denial

of compensation [of] medical benefits." AAFES moves to dismiss Plaintiff's claims for lack of jurisdiction under 12(b)(1) and failure to state a claim under 12(b)(6).

**II.     Discussion**

In defense of her claims, Plaintiff does not respond to Defendant's Motion on the merits. Instead, she complains of other matters surrounding the lawsuit. The Court preliminarily addresses her concerns.

First, Plaintiff complains that she was not informed of the cancellation of a hearing set by an administrative judge in the underlying Equal Employment Opportunity Commission ("EEOC") proceedings. (Resp. at 2, 4.) Prior to the hearing setting that Plaintiff references, the administrative judge on Plaintiff's EEOC case disposed of her claims by Order.[3] (Def.'s App. at 2, 17-22.) As such, the hearing was no longer necessary. Plaintiff was mailed a copy of the Order; she simply did not understand that because her claims were dismissed, the hearing was no longer necessary. (*See* Resp. at 4.) Thus, Plaintiff's complaint that she was not informed of the hearing's cancellation is of no significance to this Court.

Second, Plaintiff asks the Court to appoint her legal counsel. (Sur-Reply at 3.) Plaintiff previously moved for the appointment of counsel on November 8, 2004. In an Order issued January 19, 2005, Magistrate Judge Jeff Kaplan denied the motion without prejudice and instructed Plaintiff that she could reurge her motion after the Court ruled on dispositive motions. (Order of 1/19/05.) Accordingly, the Court finds Plaintiff's current request premature.

Third, Plaintiff asserts that Defendant served several important documents to the wrong address intentionally. (Resp. at 1.) Defendant replies that its mailing error was inadvertent and

---

[3] The administrative judge's Order addressed a motion to which Plaintiff responded, and her response was taken into consideration. (Def.'s App. at 18.)

Plaintiff has no evidence that Defendant's mailing error was purposeful. (Reply at 1-2.) Defendant further asserts that Plaintiff failed to show that she was prejudiced by Defendant's error. (*Id.* at 2.) The Court determines that Plaintiff was not prejudiced by Defendant's error. Plaintiff ultimately received all the relevant documents, and she was given sufficient opportunity to respond. Hence, Plaintiff's is not entitled to relief on this basis. Having addressed Plaintiff's concerns, the Court proceeds to determine Defendant's Motion on the merits.

    **A.**    **Title VII Claims**

Defendant contends that Plaintiff's Title VII claims should be dismissed because (1) Plaintiff failed to file suit against the proper party defendant and (2) Plaintiff failed to exhaust her administrative remedies. (Mot. at 4-6.)

The proper party defendant in a Title VII action is the head of the department, agency, or unit. 42 U.S.C. 2000e-16(c). Thus, in a Title VII case involving AAFES, a plaintiff may file suit against either the Secretary of Defense or the Secretary of the Army and the Secretary of the Air Force jointly. *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). As Plaintiff filed suit against AAFES rather than the Secretary of Defense or the Secretary of the Army and the Secretary of the Air Force jointly, she has sued the wrong party. *See id.* Moreover, even if Plaintiff had sued the correct party, her claims would be dismissed as a matter of law because she failed to exhaust administrative remedies.

A federal employee must exhaust administrative remedies as a condition precedent to bringing suit under Title VII. *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992). To exhaust administrative remedies, a federal employee must *inter alia* contact an EEO counselor within 45 (forty-five) days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1); *Teemac v. Henderson*,

298 F.3d 452, 454 (5th Cir. 2002).  Time periods prescribed by Title VII , such as this 45 (forty-five) day period, commence running when a plaintiff is notified of a discriminatory decision, not when the consequences of the decision become most painful.  *See Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980) (holding that the relevant inquiry is when the employer "established its official position-- and made that position apparent" to the plaintiff).

Plaintiff failed to contact an EEO counselor within 45 (forty-five) days of the relevant discrimination.  Plaintiff's last non-promotion occurred on April 13, 2000, just one day before she contacted the EEO counselor regarding her PFP and non-selections.  However, because Plaintiff's PFP notified her that she would not be promoted, Plaintiff should have contacted an EEO counselor within 45 (forty-five) days of receiving the PFP in December 1999.  As Plaintiff did not contact the EEO Counselor until April 2000, more than three months after she received the PFP, she may not maintain claims for discrimination based on her PFP or her non-selections.[4]  Additionally, there is no record whatsoever of Plaintiff having contacted an EEO Counselor regarding the alleged hostile work environment.[5]  Accordingly, Plaintiff's allegations of discrimination and harassment are

---

[4] In so holding, the Court is mindful that Title VII was designed to address only "ultimate employment decisions," not "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions," *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995), and generally, a low performance review does not constitute an adverse employment action.  *See Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532 n.2 (5th Cir. 2003) (per curiam) (citing *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997)).  However, courts have recognized that in certain circumstances, a low performance review may constitute an adverse employment action.  See, e.g., *Ellis v. Crawford*, No. Civ.A . 3:03CV2416D, 2005 WL 525406, at *11-12 (N.D. Tex. Mar. 3, 2005).  In the case at hand, Plaintiff's PFP functioned as more than a mere evaluation; it directly reflected a decision by her employer that she should not be promoted.  The record reflects that every non-selection Plaintiff received referred to the "Not Promotable" status indicated on Plaintiff's PFP. (Def.'s App. at 5.)  Thus, it appears that Plaintiff's PFP more than tangentially caused her non-selections.  Accordingly, the Court concludes that Plaintiff's low performance review may be properly characterized as the adverse employment decision that triggered the applicable forty-five (45) day period upon Plaintiff's notification.

[5] Moreover, Plaintiff failed to exhaust administrative remedies with respect to her hostile work environment claim because she did not include this claim in her EEO Complaint.  Only claims which would have been reasonably included in an EEOC investigation into a plaintiff's EEO Complaint may be part of a subsequent lawsuit.  *Dollis*, 77 F.3d at 781.  Plaintiff's EEO Complaint would not have alerted the EEOC to her hostile work environment claim

hereby dismissed.

    **B.    Tort Claims**

Plaintiff also seeks to hold Defendant liable for her PFP and non-selections through state law defamation claims. (Resp. to Mag. Judge's Quest. of 1/14/05 at 3, 12.) However, Title VII supplies the sole method of redress for federal employees complaining of acts of employment discrimination. *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976) and *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992)). Thus, where challenged actions are encompassed by the remedial framework of Title VII, federal employees may not seek an end-run around Title VII's administrative requirements by re-alleging their discrimination claims as tort claims. *See Pfau v. Reed*, 125 F.3d 927, 932-34 (5th Cir. 1997), *reinstated by* 167 F.3d 228 (1999); *Hampton v. IRS*, 913 F.2d 180, 182-83 (5th Cir. 1990).

Plaintiff's allegations of defamation arise out of the same facts as her claim for discrimination. Plaintiff specifically alleges that her PFP and non-selections were discriminatory. (*See* Resp. to Mag. Judge's Quest. of 12/14/04 at 6, 9, 13, 15.) As such, the defamation Plaintiff complains of constitutes the type of workplace discrimination subject to redress under Title VII, and it cannot afford an independent ground of relief. In other words, because Plaintiff's defamation claims are preempted by Title VII, she cannot pursue them as tort claims of defamation. As noted, Plaintiff did not pursue her administrative remedies with respect to the allegedly discriminatory PFP and non-selections. Therefore, Plaintiff's defamation claims based on the PFP and non-selections are dismissed. Given this disposition, the Court does not find it necessary to address Defendant's

---

(*See* Def.'s App. at 12-13), and thus, it is reasonable that the EEOC would not have included it in their investigation.

arguments regarding the Federal Tort Claims Act and the Civil Service Reform Act.

**C.     Medical Compensation**

Finally, Defendant contends that the Court must dismiss Plaintiff's claim for "denial of compensation [of] medical benefits" because it lacks subject matter jurisdiction under the Longshore and Harbor Workers' Compensation Act ("LHWCA").

Defendant AAFES is a nonappropriated fund instrumentality of the United States. *Honeycutt*, 861 F.2d at 1349 n.3. Employees of nonappropriated fund instrumentalities are entitled, under 5 U.S.C. § 8171, to workers' compensation under terms of the LHWCA. Moreover, 5 U.S.C. § 8171 provides that compensation under the LHWCA is exclusive and in lieu of all other remedies for covered injuries. *See also* 33 U.S.C. § 905(a) (providing that LHWCA liability is exclusive); *Traywick v. Juhola*, 922 F.2d 786, 787-88 (11th Cir. 1991) (same).

Defendant argues that Plaintiff's claim should be dismissed because the LHWCA does not provide district courts with jurisdiction to review a compensation order. However, it does not appear to the Court that Plaintiff asks for review of her compensation order. Rather, Plaintiff alleges that AAFES has failed to comply with a compensation order. According to Plaintiff, the Department of Labor ordered AAFES to pay her medical compensation for her treatment, but AAFES' insurance company denied her claims for compensation. (Resp. to Mag. Judge's Quest. of 1/14/05 at 13.) The Court construes this complaint as a request for enforcement of a compensation order.

Congress has granted the Department of Labor exclusive jurisdiction to adjudicate claims under the LHWCA. 33 U.S.C. § 919(a) ("[T]he deputy commissioner shall have full power and authority to hear and determine all questions in respect of [a LHWCA] claim."). However, as delineated under § 918(a) and § 921(d), district courts have a limited role in enforcing compensation

orders. *See* 33 U.S.C. §§ 918(a), 921(d). A district court may enforce an "effective" award of benefits under § 918(a), and a district court may award a final award of benefits under § 921(d). *Id.* The distinction between the two sections was recently and aptly discussed in *Nowlin v. Eastern Associated Coal Corporation*, 266 F. Supp. 2d 502 (N.D. W.Va. 2003). Therein, the court explained, among other things, that

> Under § 918(a), if an employer fails to make a payment within thirty days of the date it is due, a claimant may apply to the District Director for a "supplementary order" to declare the amount in default. 33 U.S.C. § 918(a). A claimant may then file this order with a district court and obtain judgement for that amount . . . In contrast to the provisions of § 918(a), § 921(d) does not require a claimant to first obtain a supplementary order from a District Director . . . ."

*Id.* at 504-05. *See also Vincent v. Consol. Operating Co.*, 17 F.3d 782 (5th Cir. 1994) ("The scope of the district court's inquiry under § 921(d) is limited to answering two questions: first, was the compensation order made and served in accordance with law, and second, has the employer failed to comply with it?").

Plaintiff has not filed a supplementary order as required by § 918(a), and therefore, she cannot state a claim under § 918(a). However, it appears that Plaintiff may seek enforcement by this Court under § 921(d), which does not require that Plaintiff file a supplementary order. Therefore, the Court does not find dismissal of this claim appropriate at this stage of the proceedings.

## IV.   Conclusion

For the foregoing reasons, the Court GRANTS in PART and DENIES in PART Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff maintains her claim for compensation of medical benefits. Plaintiffs other claims are hereby DISMISSED with PREJUDICE. The following summary judgment briefing schedule is hereby established:

1)     Within sixty (60) days after entry of this Memorandum Opinion and Order, the parties shall file their Motions for Summary Judgment, Memorandum in Support thereof, and any other papers ancillary to such motions.

2)     Within thirty (30) days after service of the Motion for Summary Judgment, the parties shall file their Response, and any other papers ancillary to such Response. The Response shall not exceed twenty-five (25) pages.

3)     Within twenty (20) days after service of the Response, the parties shall file their Reply. The Reply shall not exceed ten (10) pages.

**IT IS SO ORDERED.**

Signed this 28th day of July 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE