IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEILA ROGERS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | 3:04-CV-2403-P |
| v. | § | |
| | § | |
| ARMY/AIR FORCE | § | |
| EXCHANGE SERVICE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Summary Judgment, filed August 22, 2005,[1] and Defendant's Motion for Summary Judgment, filed September 23, 2005.[2] After considering the parties' arguments, the pleadings, and the applicable law, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

**I.   Background**

On November 8, 2004, *pro se* Plaintiff Sheila Rogers ("Plaintiff") initiated this lawsuit by filing a Complaint against her former employer, the Army and Air Force Exchange Service ("Defendant"). As Plaintiff was proceeding *pro se*, the Court liberally construed her complaint as alleging (1) discrimination and harassment in violation of Title VII of the Civil Rights Act of

---

[1] Plaintiff's Motion was titled "Plaintiff Responce Motions for Summary Judgment Memorandum In Support ref: Memorandum Opinion and Order." (Docket #22.) The motion was in response to the Court's Memorandum Opinion and Order of July 28, 2005. (Docket #21.) The Court will treat this motion as a motion for summary judgment. Defendant did not file a Response.

[2] Plaintiff filed a Response on November 8, 2005. Defendant did not file a Reply.

1964 ("Title VII"), 42 U.S.C § 2000e-16; (2) defamation; and (3) "denial of compensation [of] medical benefits." Defendant subsequently moved to dismiss, and on July 28, 2005, this Court granted Defendant's motion in part, dismissing Plaintiff's causes of action for discrimination and harassment in violation of Title VII and the claim of defamation. The Court, however, allowed Plaintiff to maintain her cause of action for compensation of medical benefits.

As stated in the Court's Order of July 28, 2005, Defendant is a nonappropriated fund instrumentality of the United States. *Honeycutt v. Long*, 861 F.2d 1346, 1349 n.3 (5th Cir. 1988). Employees of nonappropriated fund instrumentalities are entitled, under 5 U.S.C. § 8171, to workers' compensation under terms of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, *et seq.* (2001) ("LHWCA"). Moreover, 5 U.S.C. § 8171 provides that compensation under the LHWCA is exclusive and in lieu of all other remedies for covered injuries. *See also* 33 U.S.C. § 905(a) (providing that LHWCA liability is exclusive); *Traywick v. Juhola*, 922 F.2d 786, 787-88 (11th Cir. 1991) (same).

Congress has granted the Department of Labor exclusive jurisdiction to adjudicate claims under the LHWCA. 33 U.S.C. § 919(a) ("[T]he deputy commissioner shall have full power and authority to hear and determine all questions in respect of [a LHWCA] claim."). However, as delineated under § 918(a) and § 921(d), district courts have a limited role in enforcing compensation orders. *See* 33 U.S.C. §§ 918(a), 921(d). A district court may enforce an "effective" award of benefits under § 918(a), and a district court may enforce a final award of benefits under § 921(d). *Id.* The Court construed Plaintiff's sole remaining claim as a request for enforcement of a compensation order under § 921(d). Defendant has filed the instant motion, seeking summary judgment on Plaintiff's remaining claim.

## II.  Summary Judgment Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Id.* However, all evidence and reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless she provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248-50; *Abbot v. Equity Group, Inc.,* 2 F.3d 613, 619 (5th Cir. 1993). In other words, conclusory statements, speculation and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Finally, the Court has no duty to search the record for triable issues. *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

### III. Discussion

In pertinent part, § 921(d) provides that:

> If an employer... fails to comply with a compensation order making an award, that has become final, any beneficiary of such award... may apply for the enforcement of the order to the Federal district court... If the court determines that the order was made and served in accordance with the law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order [by the methods enumerated].

In reading this language, the Fifth Circuit stated that "[t]he scope of the district court's inquiry under § 921(d) is limited to answering two questions: first, was the compensation order made and served in accordance with law, and second, has the employer failed to comply with it?" *Vincent v. Consol. Operating Co.*, 17 F.3d 782, 786 (5th Cir. 1994). Under the statutory scheme, the role of this Court is limited; federal district courts have jurisdiction only to enforce LHWCA awards. *Etienne v. Shell Oil Co.*, 64 Fed. Apx. 417 (5th Cir. 2001); *Thompson v. Potaschnick Const. Co.*, 812 F.2d 574, 576 (9th Cir. 1987). By way of affidavit, Defendant states that no compensation order was ever awarded to Plaintiff. (App. Def.'s Mot. at 1.) Defendant argues that the Court cannot enforce an order that was not issued. In her Motion for Summary Judgment and Response, Plaintiff does not claim that a compensation order was issued, much less present the Court with competent summary judgment evidence that would suggest there is a genuine issue of material fact for trial. Without some showing that an LHWCA award was served, this Court has no authority to grant the relief requested by Plaintiff. Therefore, summary judgment is proper.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed this 23rd day of January 2006.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE